UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**ROBERT DARTEZ, ET AL**           :           **DOCKET NO. 15-cv-1749**

**VERSUS**                         :           **JUDGE MINALDI**

**UNITED HOMES, INC., ET AL**      :           **MAGISTRATE JUDGE KAY**

## MEMORANDUM RULING

Before the court is a Motion to Remand [doc. 11] filed on June 19, 2015, by the plaintiffs, Robert and Paulette Dartez (hereafter, "plaintiffs") in response to a Notice of Removal [doc. 1] filed on May 22, 2015, by defendant Keystone RV Co. (hereafter, "Keystone"). Co-defendant, United Homes Inc. (hereafter, "United") has consented to removal and Keystone has filed an opposition to the instant motion to remand.

For the reasons stated below, the plaintiffs' motion is hereby **DENIED**. Plaintiffs' motion for costs and attorney's fees is also **DENIED**.

## I.
### FACTS & PROCEDURAL HISTORY

This matter concerns the sale of a camper manufactured by defendant Keystone and sold to plaintiffs by defendant United on April 30, 2014. Doc. 1, att. 1, p. 1. Alleging numerous defects in the camper, plaintiffs filed suit in the Fourteenth Judicial District Court in and for Calcasieu Parish, Louisiana, on April 30, 2015. *Id.* at 6. Plaintiffs' suit includes a claim in redhibition for rescission of the sale and "the entire purchase price paid"[1] with interest and costs, as well as other

---
[1] They name the purchase price of the camper, from a sale price of $60,000 with taxes, fees, interest, and insurance expenses increasing the total cost to $70,352.72. Doc. 1, att. 1, p. 2.

damages if defendant United was aware of the alleged defects at the time of sale. *Id.* at 6. Plaintiffs also assert claims under the Magnuson-Moss Warranty Act (hereafter, "MMWA"), 15 U.S.C. § 2301 et seq., and the Louisiana Unfair Trade Practices and Consumer Protection Act, LA. REV. STAT. § 1401 et seq. (hereafter, "LUTPA") (through which they also prayed for treble damages), against defendants Keystone and United Homes and their insurers. *Id.* at 7–8. Defendant Keystone removed the action to this court on May 22, 2015, alleging federal question jurisdiction through plaintiffs' claims under the MMWA and the amount in controversy established by the damages noted above. Doc. 1, p. 1–2.

Plaintiffs moved to remand contending that the amount in controversy fell short of the $50,000 requirement set by the MMWA when the return value of the camper was deducted from the purchase price. Doc. 11, pp. 1–2. Plaintiffs also requested that defendants be assessed all costs and attorney's fees associated with the removal. *Id.* at 3.

On July 10, 2015, defendants Keystone and United (hereafter, jointly, "defendants") submitted a memorandum in opposition to plaintiffs' motion to remand in which they stated that the return value of the camper should not be deducted from the amount in controversy as suggested by plaintiffs in their motion.

## II.

### LAW & ANALYSIS

The issues before this court are whether the amount in controversy meets the $50,000 amount in controversy threshold set by the MMWA to establish federal question jurisdiction and whether defendants should be assessed attorney's fees and other costs for improper removal of the case.

A. **Existence of federal question jurisdiction**

Any civil action brought in a State court of which the United States district courts have original jurisdiction may be removed to the proper district court. 28 U.S.C. § 1441(a) (2013). District courts have original jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[A] cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). The removing party bears the burden of showing that removal was procedurally proper and that federal jurisdiction exists. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). "If the right to remove is doubtful, the case should be remanded." *Case v. ANPAC Louisiana Ins. Co.,* 466 F. Supp. 2d 781, 784 (E.D. La. 2006); *see also Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100 (1941) (removal is to be construed narrowly and in favor of remand to state court); *Perkins v. State of Miss.,* 455 F.2d 7 (5th Cir. 1972) (same).

The Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. § 2301 et seq., creates a civil cause of action in state courts of competent jurisdiction for buyers alleging breaches of warranties in the sale of consumer products. 15 U.S.C. § 2310(d). It also provides a federal cause of action in cases where the total amount in controversy is at least $50,000 and each individual claim is at least $25. 15 U.S.C. § 2310(d)(3). Louisiana law forbids plaintiffs in state courts from pleading a specific numerical value of damages. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000) (citing La. Code Civ. Proc. art. 893).

When a case filed in a Louisiana state court is removed to federal court on the basis of diversity, which also involves meeting an amount in controversy, the removing defendant must prove by a preponderance of the evidence that the plaintiff's claims exceed the required amount. *Id.* (citing *Lucket v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir.1999)). A defendant meets its

burden if it shows that (1) it is "facially apparent" from the petition [that] the claims probably exceed the required amount or if (2) the defendant introduces other evidence to show the amount in controversy more likely than not exceeds the required amount. *Klein v. Wells Fargo Bank, N.A.*, 2014 WL 5685113, at *3 (W.D. Tex. Nov. 4, 2014) (citing *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir.2002)). This circuit has not explicitly extended the same standard to removal for MMWA cases, but it has cited with approval other statements on the burden and manner in which ambiguities are to be construed from a diversity case for the consideration of removal in an MMWA case. *Scarlott v. Nissan N. Am.*, 771 F.3d 883, 887 (5th Cir. 2014) (quoting *Mumfrey v. CVS Pharmacy, Inc.*, 729, F.3d 392, 397 (5th Cir. 2013)). We therefore assume the standard to be the same.

In its notice of removal defendant Keystone insists that the amount in controversy is facially apparent because plaintiffs allege that they are entitled to a return of the "entire purchase price" of $60,000 and related expenses which, according to plaintiffs' estimates, raises the total cost to $70,352.72. Doc. 1, pp. 2–3; Doc. 1, att. 1, pp. 2, 6–7. Plaintiffs counter that the purchase price of the camper, prayed for in relief under their redhibition claim among others, should not set the amount in controversy for the purposes of meeting the MMWA's $50,000 amount in controversy threshold for federal jurisdiction. Rather, plaintiffs claim that the amount in controversy is calculated by deducting from the purchase price the fair market value of the product in its defective condition. *See, e.g.*, *Golden v. Gorno Bros., Inc.*, 410, F.3d 879, 885 (6th Cir. 2005); *Schimmer v. Jaguar Cars, Inc.*, 384 F.3d 402, 406 (7th Cir. 2004); *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 402 (3d Cir. 2004).

The Fifth Circuit has recently adopted the "purchase price minus fair market value of the product in its defective condition" formula in *Scarlott v. Nissan North America, Inc.*, a Texas case

cited heavily by plaintiffs. 771 F.3d 883 (5th Cir. 2014). Scarlott's pleadings contained a statement that her suit involved monetary relief below the MMWA amount in controversy threshold, alleging only the purchase price of the vehicle ($39,289) and not its present fair market value. *Id.* at 889. The parties stipulated, and the Fifth Circuit agreed, that Texas law governed the measure of damages under Scarlott's MMWA claims. *Id.* at 888. The Fifth Circuit then adopted the formula cited above because of its applicability under Texas law, which also calls for damages measured by the difference between the value of the defective product and the product as warranted. *Id.* (quoting Tex. & Bus. Com.Code Ann. § 2.714(b)). The court therefore held that it could not determine damages without deducting the fair market value of the vehicle, and the defendants as removing parties failed to prove the amount in controversy. *Id.* at 889–90.

Defendants here argue that the *Scarlott* approach is inapplicable because of the reliance of MMWA claims on state law to calculate damages. Defendants emphasize the difference between the warranty damages claimed in *Scarlott* under a seller's general warranty to deliver conforming goods, arising from a Texas case, and the warranty against redhibitory defects claim here, a cause of action not recognized in Texas. *See, e.g.*, *Zurich American Ins. Co. v. Nokia, Inc.*, 268 S.W.3d 487, 498 (Tex. 2008) (defining redhibition as a civil law claim not recognized in Texas). Defendants note that this approach relies on the governing state law's definition of warranty damages, a matter established in the Fifth Circuit long before *Scarlott*. 771 F.3d at 888 ("Generally, courts look to state law to determine the applicable measure of damages, which informs the amount in controversy under the MMWA.") (citing *Boelens v. Redman Homes, Inc.*, 748 F.2d 1058, 1069–71 (5th Cir. 1984) (holding that state law determines what kinds of damages may be calculated towards the threshold in an MMWA claim, provided the category of damages is not specifically excluded from the threshold under the MMWA)). Defendants also find earlier precedent in this

circuit for reliance on state law to calculate damages under the MMWA. In *MacKenzie v. Chrysler Corp.*, the court held that failure to instruct the jury on damages provisions in state law but not under the MMWA was harmless error because the MMWA is "virtually silent" as to damages, though it does provide "that nothing in the Act 'shall invalidate or restrict any right or remedy under State law.'" 607 F.2d 1162, 1166 (5th Cir. 1979) (citing 15 U.S.C. § 2311(b)(1)).[2]

Defendants further note that the Fifth Circuit in *Scarlott* also specifically cited the Texas state law sources that validated application of the same formula for determining the amount in controversy. 771 F.3d at 888. Therefore, defendants maintain, the formula's application within the Fifth Circuit still rests on the calculation of damages in any state law claims.

In this respect, defendants contend, the present case is distinguishable from *Scarlott* because of the difference between claims in other warranties and claims in redhibition. The general measure of damages in a breach of warranty case, from which the deduction formula emerges, is cover, or the difference between the purchase price/price of a replacement item as warranted and the value of the allegedly defective item, minus any beneficial use the plaintiff derives from the item. *E.g.*, *Gardynski-Leschuck v. Ford Motor Co.*, 142 F.3d 955, 957 (7th Cir. 1998) (explaining the link between the formula applied in an MMWA case and breach of warranty damages, as defined under that state's laws). For the warranty against redhibitory defects, where the defect

---

[2] The only category of damages explicitly excluded under the MMWA for the calculation of the amount in controversy is "costs and interests." 15 U.S.C. § 2310(d)(3)(b). Additionally, the Fifth Circuit has held in *Boelens v. Redman Homes* that punitive damages awarded only for tort causes of action, as opposed to those tied to a breach of warranty, may not be calculated towards the jurisdictional threshold for MMWA cases. 748 F.2d 1058, 1070–71. We note here that defendant Keystone argued in its notice of removal that plaintiffs' prayer for attorney's fees and treble damages under the Louisiana Unfair Trade Practices Act, LA. REV. STAT. § 1401 et seq. Attorney's fees, as noted above, are categorically excluded from the amount in controversy for jurisdictional purposes under the MMWA. 15 U.S.C. § 2310(d)(3)(b). It is apparent to us that the attorney's fees should not be counted towards the MMWA threshold. While the Louisiana Unfair Trade Protection Act does not have explicit designation as a tort cause of action, recent expansion of standing to any plaintiff injured by business practices of the defendant leads us to believe that it might qualify as such under closer scrutiny. *Cheramie Services., Inc. v. Shell Deepwater Prod., Inc.*, 35 So. 3d 1053, 1055–56 (La. 2010). However, the jurisdictional amount is already met without inclusion of the treble damages, so we decline to explore it further here.

"renders the thing useless, or [makes] its use so inconvenient that it must be presumed that a buyer would not have bought the thing had he known of the defect," the measure of damages is rescission of the sale and return of the purchase price. LA. CIV. CODE art. 2520.

We are persuaded here by the distinction. The implied warranty of fitness for ordinary use in sales has been codified in its current form and within its own sections of the Civil Code since 1993. LA. CIV. CODE art. 2524. Buyer's rights under this article "are governed by the general rules of conventional obligations," as opposed to the specification of rescission and return of purchase price in the warranty against redhibitory defects. *Id.* We accept defendants' reading of the case law from this circuit that state law governs the calculation of damages for the jurisdictional threshold, subject to exclusions under the MMWA itself. We also observe that the measure of damages in a claim alleging breach of the warranty against redhibitory defects, which plaintiffs allege here, is separate and apart from the measure under warranty claims like the one used to calculate the amount of damages in *Scarlott*.

Therefore, the fair market value of the camper in its allegedly defective condition has no bearing and the purchase price will set the amount in controversy through plaintiffs' claim in redhibition. Even the base purchase price of the camper at $60,000 well exceeds the MMWA jurisdictional threshold of $50,000. We find that defendants have met their burden in establishing the amount in controversy, which is facially apparent from the sale price of the camper, and that jurisdiction is proper within this court.

**B. Plaintiffs' request for attorney's fees in motion to remand**

The decision to grant or deny attorney's fees is within the discretion of the court and an award of such fees and costs is not automatic under 28 U.S.C. § 1447(c). *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000). The Fifth Circuit has stated that attorney's fees

"should only be awarded if the removing defendant lacked 'objectively reasonable grounds to believe the removal was legally proper.'" *Hornbuckle v State Farm Lloyds*, 385 F.3d 538 (5th Cir. 2004) (citing *Valdes*, 199 F.3d at 293). Since defendants have successfully argued their case for removal, we find the plaintiffs' request for attorney's fees unwarranted. Accordingly it is denied.

### III. CONCLUSION

For the reasons stated above, the plaintiffs' Motion to Remand [doc. 11] is hereby **DENIED**. Plaintiffs' motion for attorney's fees and costs is likewise **DENIED.**

THUS DONE this 2nd day of September, 2015.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE