UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **ROBERT DARTEZ, ET AL** | * | **CIVIL ACTION NO. 2:15-CV-1749** |
| **Plaintiffs** | * | |
| v. | * | **JUDGE MINALDI** |
| **UNITED HOMES, INC., ET AL** | * | |
| **Defendants** | * | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the court are a Rule 12(b)(6) Motion to Dismiss (Rec. Doc. 6) filed by Keystone RV Company ("Keystone"), and a Rule 12(b)(6) Motion to Dismiss (Rec. Doc. 8) filed by United Homes, Inc. ("United"). The plaintiffs, Robert and Paulette Dartez (hereinafter referred to jointly as "Dartez"), filed a Memorandum in Opposition (Rec. Doc. 12) to both motions. For the following reasons, both 12(b)(6) Motions to Dismiss (Rec. Docs. 6, 8) are **GRANTED.**

## FACTS & PROCEDURAL HISTORY

Dartez purchased a camper, manufactured by Keystone, from United around April 30, 2014.[1] Keystone offered a one-year warranty for the camper.[2] In May 2014, Dartez returned the camper to United to repair the refrigerator, and later received the camper as repaired.[3] Around June 2, 2014, Dartez brought the camper back to United with a lengthy list of defects, including the refrigerator.[4] United returned the camper on July 24, 2014, along with a service order detailing the repairs.[5] Around July 31, 2014, Dartez dropped the camper off at United again

---

[1] Ex. 1, Pet. for Rescission of Sale and for Damages (Rec. Doc. 1-1) ¶ 2.
[2] *Id.* ¶ 4.
[3] *Id.* ¶ 5.
[4] *Id.* ¶ 6.
[5] *Id.* ¶ 7.

1

complaining of a broken refrigerator, and picked up the camper on September 4, 2014.[6] Around November 20, 2014, Dartez allegedly noticed the roof of the camper was defective, and notified Keystone of the issue as well as other defects on that date.[7] Dartez returned the camper to United around January 13, 2015, with another list of necessary repairs that included the defective roof.[8] Dartez alleges that when they retrieved the camper on March 16, 2015, United provided them with another service order detailing the repairs, but also informed them that it would not repair the roof.[9]

From November 20, 2014, through April 28, 2015, Dartez communicated with Keystone representatives about defects in the camper and repair attempts.[10] Dartez also provided Keystone with copies of all the aforementioned repair lists and service orders.[11] According to Dartez, Keystone never took any action to address the defects, and it informed Dartez that after April 30, 2015, it would not repair any subsequently identified defects in the camper.[12]

On April 30, 2015, Dartez filed a Petition for Rescission of Sale and for Damages in the 14th Judicial District Court for the Parish of Calcasieu, Louisiana.[13] Keystone removed the case on May 22, 2015.[14] United and Keystone filed their respective motions on May 29, 2015.[15]

## LAW & ANALYSIS

Motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure seek the dismissal of an action for failure to state a claim and challenge the sufficiency of a plaintiff's allegations. *See* FED. R. CIV. PRO. 12(b)(6). In the Fifth Circuit, Rule 12(b)(6) motions

---

[6] *Id.* ¶ 8.
[7] *Id.* ¶ 9.
[8] *Id.* ¶ 10.
[9] *Id.* ¶¶ 11-12.
[10] *Id.* ¶ 13.
[11] *Id.*
[12] *Id.*
[13] *See id.* at 1.
[14] Notice of Removal (Rec. Doc. 1).
[15] Mot. to Dismiss (Rec. Doc. 6); Mot. to Dismiss (Rec. Doc. 8).

.

to dismiss are generally viewed with disfavor and should rarely be granted. *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009) (quoting *Gregson v. Zurich Am. Ins. Co.*, 322 F.3d 883, 885 (5th Cir. 2003)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679.

I.   **LUTPA Claim**

United and Keystone seek to dismiss Dartez's claim under Louisiana's Unfair Trade Practices and Consumer Protection Law ("LUTPA"), La. Rev. Stat. Ann. § 51:1401, *et seq.* LUPTA prohibits "unfair or deceptive acts or practices in the conduct of any trade or commerce," and creates a cause of action for "[a]ny person who suffers any ascertainable loss of money or movable property, corporeal or incorporeal, as a result of [any such] unfair or deceptive method, act, or practice." LA. REV. STAT. ANN. §§ 51:1405(A), 1409(A). LUTPA does not specifically define what constitutes unfair or deceptive trade practices, and instead relies on "the courts to decide, on a case-by-case basis, what conduct falls within the statute's prohibition." *Frontline Petroleum Training Sys., LLC v. Premier Safety Mgmt., Inc.*, No. 6:13-cv-01259, 2013 WL 6667332, at *4 (W.D. La. Dec. 17, 2013) (quoting *Cheramie Servs., Inc. v. Shell Deepwater Prod., Inc.*, 2009-1633 (La. 4/23/10); 35 So.3d 1053, 1059).

3

The Louisiana Supreme Court has articulated that a plaintiff must demonstrate the alleged conduct "offends established public policy and . . . is immoral, unethical, oppressive, unscrupulous, or substantially injurious." *Cheramie*, 35 So.3d at 1059 (quoting *Moore v. Goodyear Tire & Rubber Co.*, 364 So.2d 630, 633 (La. Ct. App. 1978)). "[T]he range of prohibited practices under LUPTA is extremely narrow, as LUPTA prohibits only fraud, misrepresentation, and similar conduct, and not mere negligence." *Quality Envtl. Processes, Inc. v. I.P. Petroleum Co., Inc.*, 2013-1582 (La. 5/7/14); 144 So.3d 1011, 1025 (quoting *Cheramie*, 35 So.3d at 1059) (internal quotation marks omitted). "[O]nly *egregious actions* involving elements of fraud, misrepresentations, deception, or other unethical conduct will be sanctioned based on LUPTA." *Cheramie*, 35 So.3d at 1060 (emphasis added).

In Dartez's view, United and Keystone violated LUPTA because the alleged 150 days that the camper was being repaired during the first year of ownership amounts to "property being wrongfully deprived from its owner for an unreasonable and unethical length of time."[16] Dartez analogizes the situation with two Louisiana Court of Appeals cases, both of which found the wrongful seizure of a vehicle violated LUPTA. *See Johnson Constr. Co. v. Shaffer*, 46,999 (La. App. 2 Cir. 2/29/12); 87 So.3d 203 (holding that a repair shop that refused to return a vehicle to its owner for lack of payment even though no work had been performed yet violated LUPTA); *Slayton v. Davis*, 2004-1652 (La. App. 3 Cir. 5/11/05); 901 So.2d 1246 (holding that a car dealership that picked up a vehicle for repairs that it found unnecessary but later refused to return to its owner for lack of payment violated LUPTA). However, both cases are inapposite because there was no wrongful seizure of the camper. Nowhere in the petition does it indicate that Dartez ever requested and was refused possession of the camper. Moreover, Dartez admits that numerous repairs or attempted repairs were made throughout the alleged 150 days it was held by

---

[16] Memo. in Opp'n to Defs.' Rule 12(b)(6) Mots. To Dismiss (Rec. Doc. 12), at 6.

United. Thus, the court finds that the purchase of a camper which requires lengthy repairs during the first year of ownership is not sufficient to rise to the level of immoral, unethical, oppressive, unscrupulous, or substantially injurious behavior that LUPTA is intended to sanction.

Dartez further contends that United and Keystone breached LUPTA by refusing to repair the roof,[17] which Dartez alleges also caused water damage, despite Keystone's one-year warranty. According to Dartez, United expressly refused to repair the roof, and Keystone failed to take any action despite multiple phone calls and emails, and also reaffirmed that after April 30, 2015, it would not repair any subsequently identified defects in the camper. The failure to honor the terms of a warranty, absent fraud or misrepresentation, does not give rise to the entitlement of relief under LUPTA. Thus, the court finds that Dartez failed to state a claim to relief under LUPTA that is plausible on its face.

## II. Lemon Law Claim

United and Keystone also seek dismissal of Dartez's claim under the Louisiana "Lemon Law," La. Rev. Stat. Ann. § 51:1941, *et seq.* The Lemon Law defines motor vehicles as "any *motor driven* car, van, or truck," personal watercraft, or all-terrain vehicle. LA. REV. STAT. ANN. §§ 32:1252, 51:1941 (emphasis added). The camper does not have a motor, and Dartez concedes that the claim should be dismissed. Thus, the Louisiana Lemon Law claim is dismissed.

Lake Charles, Louisiana, this 26th day of January, 2015.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[17] Dartez also alleges that Keystone instructed them to patch the roof and that it would reimburse the related costs. According to Dartez, they patched the roof at a cost of $65.00 and submitted an invoice to Keystone, but it never paid them. There is no indication that Keystone intended to deceive them, and Dartez frames this as "evidence of Keystone's lack of attention to Dartez's situation" as opposed to fraud or misrepresentation.